JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
TAMARAH P. PREVOST (SBN 313422)
tprevost@cpmlegal.com
ANDREW F. KIRTLEY (SBN 328023)
akirtley@cpmlegal.com
MELISSA MONTENEGRO (SBN 329099)
mmontenegro@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| **NATIONAL ASSOCIATION FOR GUN RIGHTS, INC.**, a non-profit corporation, and **MARK SIKES**, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF SAN JOSE**, a public entity, **JENNIFER MAGUIRE**, in her official capacity as City Manager of the City of San Jose, and the **CITY OF SAN JOSE CITY COUNCIL**,<br><br>Defendants. | Case No. 5:22-cv-00501-BLF<br><br>**DEFENDANTS' STATUS REPORT ON IMPLEMENTATION OF THE GUN HARM REDUCTION ORDINANCE**<br><br>Courtroom: 3 – 5th Floor<br>Judge: Hon. Beth Labson Freeman |
| **HOWARD JARVIS TAXPAYERS ASSOCIATION**; Silicon Valley Taxpayers Association; Silicon Valley Public Accountability Foundation; James Barry; and George Arrington,<br><br>Plaintiffs,<br><br>v. | Case Number: 5:22-cv-02365-BLF |

| | |
|---|---|
| **CITY OF SAN JOSE**, and all persons interested in the matter of San Jose Ordinance No. 30716, establishing an Annual Gun Harm Reduction Fee,<br><br>Defendants. | |
| **CHRISTOPHER GLASS** and **FIREARMS POLICY COALITION, INC.**,<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF SAN JOSE**;<br>**ANTHONY MATA**, in his official capacity as Chief of Police of the City of San Jose; and **JENNIFER MAGUIRE**, in her official capacity as City Manager of the City of San Jose,<br><br>Defendants. | Case No. 5:22-cv-02533-BLF |

Defendants City of San Jose, City Manager Jennifer Maguire, and the City of San Jose City Council (collectively, the "City") provide the following Status Report to the Court concerning the City's ongoing efforts to implement the San Jose Gun Harm Reduction Ordinance ("Ordinance") at issue in this action.

Since the Ordinance was approved by the City Council on February 8, 2022, the City has been working diligently to develop regulations and administrative procedures, and take other actions necessary to ensure the Ordinance, when fully implemented, will have the administrative infrastructure it needs to function effectively. On July 8, 2022, the City updated the Court that, notwithstanding the Ordinance's effective date of August 8, 2022, the City Manager's Office ("CMO") announced it was delaying implementation of the Ordinance's insurance and fee requirements while it continued to work diligently to effectuate the Ordinance's terms. *See* ECF 64, at 7. In that update, the City referred the Court to the *Memorandum from Sarah Zarate to San Jose City Council* (July 1, 2022), available at https://www.sanjoseca.gov/home/showpublisheddocument/87508 ("July Memorandum"). ECF 64, at 7. The July Memorandum contains a table titled "Implementation Timeline," which lists the tasks the City needs to complete to implement the Ordinance, notes which tasks have already been completed, and provides estimated completion dates for those yet to be accomplished. *Id.*, Attachment A.

The July Memorandum continues to provide an accurate list of the anticipated work the City will, or has, undertaken to implement the Ordinance. Defendants now provide an update on the City's progress in completing each relevant task:

The Gun Harm Reduction Fee

As the City has previously informed the Court, the City has not set a date for when enforcement of the Fee requirement will begin, nor has it designated the nonprofit organization to which the Fee must be paid. *See* July Memorandum at 2; Ordinance § 10.32.215. The CMO estimates that the contract with the yet-to-be-designated nonprofit organization will be finalized in December 2022, which is a prerequisite to the City beginning to enforce the Fee requirement. *See* July Memorandum at 2, 5.

On June 14, 2022, however, the City Council did take an initial step toward establishing the Fee, as noted in the July Memorandum. *Id.* at 1 (¶ 2), 3, 5. The Ordinance requires the Fee "be set forth in the schedule of fees and charges established by resolution of the City Council" (§ 10.32.215), which

is consistent with the requirement that fees authorized by City law can only be enforced during the City's fiscal year (which begins July 1) if they are included in the City's "Fees and Charges Report," which must be approved by the City Council before the start of the fiscal year as part of the City's annual budget process, which in turn requires that fees and charges be associated with the budget of a particular City department.

With these requirements in mind, the City Council, after a public hearing, voted in June 2022 to approve the City's "Fee and Charges Report" for the 2022-2023 fiscal year, which included the Fee as part of the City Police Department's annual budget and set a placeholder Fee amount of $25, along with the express caveat that the $25 Fee would not be enforced at that time. *See* July Memorandum at 1, 3, 6; City of San Jose City Council Resolution No. 80571 (June 14, 2022), *available at* https://records.sanjoseca.gov/Resolutions/RES80571.pdf; *see also* Proposed 2022-2023 Fees & Charges Report, at pp. C-26, 119, *available at* https://www.sanjoseca.gov/home/showpublisheddocument/85569/637877133876630000; Memorandum, 2022-2023 Adopted Fees and Charges (July 7, 2022) (indicating the Proposed 2022-2023 Fees & Charges Report was approved by the City Council). This action was required for the City to retain the possibility of enforcing the Fee requirement at any time during the City's 2022-2023 fiscal year. The $25 amount was chosen because it is consistent with the Mayor's public suggestion, made before the Ordinance was adopted and before any litigation was initiated, that the City Council establish the Fee at "$25 per gun-owning household." *See Memorandum from Mayor Licardo to San Jose Council* (Jan. 21, 2022), *available at* https://sanjose.legistar.com/View.ashx?M=F&ID=10421783&GUID=133AE89A-69E1-45E9-BE91-145F9DD29089. The Police Department was selected as the most logical City department to assign the Fee to for budgetary purposes because that is the department that will ultimately be responsible for enforcing the Ordinance via administrative citation. *See* Ordinance § 10.32.240.

However, this action by the City Council did not permanently set the Fee; it merely completed the first of two steps necessary to enforce the Fee requirement by ensuring the Fee is listed on the City's Fee and Charges Report. The second step required to set the Fee is that the CMO, after it has completed all necessary prerequisites to enforcing the Fee (i.e., after the nonprofit organization has been designated and the City has secured a contract with the nonprofit), will have to re-appear before

the City Council and ask it to vote on and approve the CMO's authority to begin requiring payment of the Fee. As part of this same process and vote, the City Council has the power to change the Fee to whatever amount it deems appropriate. In other words, when this second vote on the Fee occurs, the City Council may choose to keep the Fee at the current $25 placeholder amount, or it may set another amount.[1]

In sum, while the placeholder amount of $25 has been used as the Fee was approved through the City's budgetary process, the nonprofit organization to which the Fee must be paid under the Ordinance's terms has not yet been designated, the CMO is not enforcing the Fee requirement (which will require additional City Council approval), and the amount of the Fee is still subject to change. Because of this, the fact that the City included the Fee on the 2022-2023 Fee and Charges Report with a placeholder amount of $25 does not materially affect the ripeness analysis, or indeed any other issue that has been briefed by the parties. Indeed, it is the evolving nature of the implementation process and scant factual record that what makes judicial review of the Ordinance inappropriate at this time.

<u>The Insurance Mandate</u>

As noted in the July Memorandum, the CMO has issued regulations suspending implementation of the Ordinance's liability insurance mandate, while it finalizes the procedures and attestation form necessary to implement it, including regulations necessary to flesh out the criteria for the Ordinance's "financial hardship" exemption. *Id*. at 3. The City is also developing a robust outreach plan to ensure gunowners understand their responsibilities and have sufficient time to connect with insurance providers. Enforcement of the insurance mandate is estimated to begin in January 2023 at the earliest. *Id*. at 2.

---

[1] The City's undersigned counsel did not become aware that the Fee was listed on the City's Fees and Charges Report and was voted on by the City Council in June until after the most hearing in the matters, on August 4, 2022. Counsel regrets and apologizes to the Court for not being able to inform it of this update earlier and will strive to ensure any future material development in the implementation of the Ordinance will be promptly brought to the Court's attention.

The City's Ongoing Implementation Activities

The City is actively working to complete additional tasks necessary to implement the Ordinance. By way of non-exhaustive examples, the City still must prepare a self-attestation form for gunowners to certify compliance with the Ordinance's insurance requirement, revise the CMO's regulations to establish the form and procedure necessary to implement the insurance requirement (including criteria and procedures for implementing the financial hardship exemption), return to the City Council with proposed fine amounts for violation of the Ordinance, and finalize the enforcement and appeal procedure for administrative citations for violations of the Ordinance. *See, e.g.*, July Memorandum, Attachment A. The City must also designate the nonprofit organization that will collect the Fee and, to that end, will engage in outreach and a Request For Information process, to collect any appropriate organizations qualified to effectuate the Ordinance's purposes. *Id.*[2]

On July 1, 2022, in an effort to be fully transparent with the public about the work it is doing to implement the Ordinance and the anticipated schedule, the City launched a website to provide ready access to the CMO's implementing regulations and provide information on the current implementation status of the Ordinance. This information can be found on the City of San Jose Police Department's website under Documents & Policies: Gun Ordinances FAQ. *See* https://www.sjpd.org/records/documents-policies/gun-ordinances-faq. The City Council also held a public Gun Violence Prevention Study Session on August 15, 2022, for which the CMO provided a memorandum with further updates about the anticipated schedule for implementing the Ordinance. *See Memorandum from Sarah Zarate to San Jose Council* (Aug. 11, 2022), *available at* https://sanjose.legistar.com/View.ashx?M=F&ID=11130885&GUID=60097F28-A405-4B25-BBF3-4829035BE295.

//

//

---

[2] Any reference in the July Memorandum to "assess[ing] litigation status" is now considered "complete" because this referred only to the outcome of the preliminary injunction motion which has now been decided by the Court. *See* July Memorandum at 2. The City is not slowing or pausing its implementation activities awaiting final resolution or judgment in this Court.

The City will provide another update to the Court as appropriate, within ten days of any further material development in the City's ongoing effort to effectuate the Ordinance.

Dated: August 16, 2022

Respectfully submitted,

**COTCHETT, PITRE & McCARTHY, LLP**

By:  /s/ Tamarah P. Prevost
      Joseph W. Cotchett
      Tamarah P. Prevost
      Andrew F. Kirtley
      Melissa Montenegro

*Attorneys for Defendant City of San Jose*